UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL REHMAN KARIM SALEH,
Petitioner,

-against-

A. SULKA AND COMPANY LIMITED,
Respondent.

26-mc-466 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

On July 21, 2020, Abdul Rehman Karim Saleh petitioned the United States Trademark Trial and Appeal Board ("TTAB") to cancel five of A. Sulka and Company Limited's ("Sulka") trademark registrations. *See Saleh v. A. Sulka and Company Ltd.*, No. 92074788 (T.T.A.B. 2020). On September 22, 2026, Saleh moved in this Court, pursuant to 35 U.S.C. § 24, "for the issuance of a subpoena directed to John Margiotta," Sulka's lead counsel, for information related to the TTAB proceeding. Dkt. 1 at 1. Specifically, Saleh seeks confirmation that (1) Sulka's production of "documents bearing Bates Nos. SKG000001 through SKG003591 constitute[s] the entirety of Sulka's production" and (2) Sulka's response to a document request that sought "[a]ll documents concerning the Use in Commerce of the Sulka Mark for the years 2004 to the present" is "true and accurate." *Id.* at 2–4. The application for a subpoena was granted on October 1, 2026. Dkt. 3. Two weeks later, Sulka, joined by Margiotta, filed a motion to quash. Dkt. 4. In that motion, Sulka argues that Saleh's subpoena intrudes upon its "attorney-client relationship" without sufficient justification. *Id.* at 1. The Court agrees.

Although the "deposition-discovery regime" is "extremely permissive," courts are hesitant to permit the deposition of "opposing counsel." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69, 71 (2d Cir. 2003). Nevertheless, the "disfavor with which the practice of seeking

discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies of this nature." *Id.* at 71. Instead, courts in this Circuit must employ "a flexible approach," taking into consideration a number of factors including "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.* at 72. In the end, the facts presented here favor quashing the subpoena.

As an initial matter, it is not clear why Saleh needs to depose Margiotta. The first clarification sought—that "the documents produced by Sulka" constitute the "entirety of Sulka's production"—is self-answering. And to the extent that Saleh's real concern is that the company may rely on documents not produced, TTAB procedures, as Sulka notes, already preclude such actions. *See* TBMP § 527.01(e) (2026) ("A party that fails to provide information, or provides an untimely supplement, may be precluded from using that information or witness at trial unless the failure to disclose was substantially justified or is harmless."). As for the request that Margiotta confirm that Sulka's response is "true and accurate," Margiotta already signed the response and thereby certified it pursuant to Federal Rule of Civil Procedure 26(g)(1)(B). Dkt. 5 at 8–9; Dkt. 6-2 at 4, 17. Saleh does not explain why this certification is deficient for purposes of the TTAB proceeding or what else he seeks to learn from Margiotta on this score. As such, this factor weighs heavily in favor of quashing the subpoena. *Finkel v. Zizza & Assocs. Corp.*, 2021 WL 1375655, at *3 (E.D.N.Y. Apr. 12, 2021) ("[D]istrict courts applying the *Friedman* analysis often deny the request for testimony from counsel where the party seeking such testimony cannot establish a specific need to depose the attorney.").

Saleh does argue that Margiotta's testimony is required to "authenticat[e] the record" and introduce the documents, Dkt. 9 at 2, 8, but neither of the two topics that Saleh intends to ask

Margiotta about are related to authentication. Nor is it apparent why Margiotta, as opposed to a corporate custodian, would be able to authenticate Sulka's production in the first place.

Next, Margiotta's only "connection with the matter on which discovery is sought" is his representation as Sulka's counsel. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 72. This too weighs against compelling his testimony. *See Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 2294589, at *11 (S.D.N.Y. Aug. 8, 2025) ("In cases where lawyers have been compelled to be witnesses, they have generally had percipient knowledge not in the possession, custody, or control of the client."). Moreover, the fact that Margiotta is Sulka's lead counsel serves to heighten the "risk of encountering privilege and work-product issues." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 72; *see Eletson*, 2025 WL 2294589, at *11 ("Attempts to 'subpoena a lawyer who either was actively litigating the case on the other party's behalf or who was associated with trial counsel' run a much greater risk of intrusion on the attorney-client relationship . . . . (quoting *Rekor Sys., Inc. v. Loughlin*, 2022 WL 671908, at *2 (S.D.N.Y. Mar. 7, 2022))). These factors too support quashing the subpoena.

Finally, it appears that substantial discovery has already been conducted. Dkt. 6 ¶ 5 ("Discovery in the [TTAB proceeding] opened on January 30, 2021, and, after extensions and periods of suspension, closed on January 12, 2026."). What's more, when Saleh first petitioned the Court for a subpoena, he stressed that the "testimony cutoff date" was "rapidly approaching" and asked that "the Court act promptly." Dkt. 1 at 1. This late-in-the-game request, submitted after years of discovery, also counsels against permitting Saleh to conduct the deposition. *See SEC v. Contrarian Press*, 2020 WL 7079484, at *5 (S.D.N.Y. Dec. 2, 2020) ("Courts are often less likely to grant discovery against opposing counsel where the parties have already engaged in significant discovery."); *Resqnet.Com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, *6 (S.D.N.Y. July 21, 2004);

*KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, at *6 (S.D.N.Y. Apr. 24, 2020) (finding late stage of discovery to weigh against allowing a deposition to proceed).

With all this in mind, the Court finds that the relevant facts and circumstances weigh against permitting Saleh to depose Margiotta. Accordingly, the motion to quash is GRANTED.

The Clerk of Court is respectfully requested to terminate the motion at ECF 4.

SO ORDERED.

Dated: October 26, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge